UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER JAMES KINARD,

        Petitioner,

                                        CASE NO. 2:08-CV-14992
v.                                JUDGE AVERN COHN
                                        MAGISTRATE JUDGE PAUL KOMIVES

RAYMOND BOOKER

        Respondent.
_____/

## REPORT AND RECOMMENDATION

I.     RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should deny the petition. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

Petitioner Walter James Kinard is a state prisoner, currently confined at the Carson City Correctional Facility in Carson City, Michigan. Petitioner is serving a sentence of life imprisonment imposed as a result of his 1987 state court convictions for armed robbery and possession of a firearm during the commission of a felony. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- On July 22, 1987, petitioner was convicted of armed robbery and felony firearm following a bench trial in the Detroit Recorders' Court. On August 5, 1987, the trial court imposed its sentence.

- Petitioner, through counsel, appealed as of right to the Michigan Court of Appeals, raising claims of improper sentencing, judicial bias, involuntary confession, and involuntary jury waiver. The court of appeals affirmed petitioner's conviction on June

27, 1989. *See People v. Kinard*, No. 106031 (Mich. Ct. App. June 27, 1989).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On April 30, 1990, petitioner's application for leave to appeal was denied in a standard order. *See People v. Kinard*, No. 87009 (Mich. Apr. 30, 1990).

- On April 21, 1997, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.509, raising claims of improper sentencing. Although petitioner contends that he attempted to withdraw this motion, the trial court denied the motion on July 17, 1997. Petitioner contends that he never received a copy of this order, and he did not file an appeal.

- On February 19, 2002, petitioner filed a motion to amend his 1997 motion for relief from judgment. The trial court granted the motion on April 12, 2002. On October 21, 2005, petitioner's post-conviction counsel withdrew, and petitioner subsequently filed a *pro per* amended motion for relief from judgment raising several sentencing claims, as well as claims of ineffective assistance of trial and appellate counsel. The trial court denied petitioner's motion for relief from judgment on April 9, 2007. *See People v. Kinard*, No. 86-009211 (Wayne County, Mich., Cir. Ct. Apr. 9, 2007).

- Petitioner sought leave to appeal in the Michigan Court of Appeals. On November 21, 2007, the court of appeals dismissed the application for lack of jurisdiction. The court of appeals concluded that the trial court had erred in labeling petitioner's 2002 motion as an amendment to the 1997 motion, and that the 2002 motion was therefore a successive motion prohibited by MICH. CT. R. 6.502(G). *See People v. Kinard*, No. 281191 (Mich. Ct. App. Nov. 21, 1997). Petitioner's application for leave to appeal to the Michigan Supreme Court was denied by that court in a standard order on June 23, 2008, because petitioner's motion was a successive motion prohibited by Rule 6.502(G). *See People v. Kinard*, 481 Mich. 912, 752 N.W.2d 454 (2008).

On November 28, 2008, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] As grounds for the writ, petitioner raises each of the claims that he raised on direct appeal and in his motion for relief from judgment. Respondent filed an answer to the petition on June 8, 2009. In addition to other arguments, respondent argues that petitioner's habeas

---

[1]Although petitioner's application is file-stamped December 2, 2008, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is signed and dated November 28, 2008. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on November 28, 2008.

application is untimely. Petitioner filed a reply to respondent's answer on July 16, 2009. For the reasons that follow, the Court should conclude that petitioner's application is untimely.

B.  *Analysis*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. The claims asserted in petitioner's habeas application do not implicate

---

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

3

subparagraphs (B) through (D), and petitioner does not contends that any of these provisions is applicable here. Thus the commencement date established by subparagraph (A) applies here. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner's direct appeal concluded with the Michigan Supreme Court's denial of his application for leave to appeal on April 30, 1990. Petitioner's conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired. Thus, petitioner's conviction became final well before the AEDPA limitations period was enacted. Because petitioner's conviction became final prior to the adoption of the AEDPA, he had one year from the AEDPA's enactment in which to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir.

1999); *Abreu v. Hoffman*, 82 F. Supp. 2d 749, 752 & n.2 (N.D. Ohio 2000); *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998) (Duggan, J.). The limitations period therefore commenced on April 24, 1996, and expired one year later on April 24, 1997. Because petitioner did not file his habeas application until November 28, 2008, it is untimely unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on April 21, 1997. By this time, the limitations period had run for 362 days, leaving only three days remaining on the limitations clock. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). Thus, when the limitations began to run after the conclusion of post-conviction review, petitioner had only three days in which to file his application. The parties dispute when the clock should begin to run. Respondent argues that the limitations clock commenced anew once the trial court denied petitioner's original motion in 1997, while petitioner contends that the proceedings from 2002 through 2007 were part of the original 1997 proceedings, and the limitations period remained tolled for this entire time. The Court need not resolve this dispute, however, because even giving petitioner the benefit of the doubt, the application is untimely. Assuming that the limitations period was tolled for the entire time from April 21, 1997, until the Michigan Supreme Court denied his application for leave to appeal on the second (or amended first) postconviction motion on June 23, 2008, as noted above petitioner had only three days remaining on the limitations clock and thus the

5

limitations period expired on June 26, 2008. Petitioner's November 28, 2008, filing of his habeas application was therefore untimely by five months.

Petitioner's reply to respondent's answer does not raise any additional arguments against respondent's procedural default analysis apart from his claim that the entire time from April 21, 1997 through June 26, 2008, should be tolled. As explained above, however, even assuming that petitioner is entitled to tolling for this entire period, his application is untimely. Petitioner does not explicitly argue that he is entitled to equitable tolling of the limitations period, and neither petitioner's application nor his reply raise any basis for equitable tolling.

To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Here, petitioner has failed to point to any extraordinary circumstance which prevented timely filing. To the extent petitioner were to rely on his *pro se* status or lack of knowledge of the law, these provide no basis for equitable tolling. The Courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling. Nor does his *pro se* status at the time of the first motion for relief from judgment provide a basis for equitable tolling. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.).

Likewise, petitioner cannot claim that he is entitled to equitable tolling based on the trial court's alleged failure to provide him notice of its denial of his 1997 motion for relief from judgment.

Petitioner contends in his application that he first learned of the denial through his post-conviction counsel sometime before she filed the 2002 motion to amend the 1997 motion. A letter attached to petitioner's application dated August 27, 2001, and sent by petitioner to the trial court indicates that petitioner had learned of the trial court's 1997 denial by that date. Assuming that the trial court failed to provide notice of its 1997 denial and that this would entitle petitioner to equitable tolling, the tolling would have ended no later than August 27, 2001, the latest date on which petitioner became aware of the trial court's 1997 action. *See Colwell v. Tanner*, 79 Fed. Appx. 89, 92 (6th Cir. 2003) (a petitioner entitled to equitable tolling is entitled to such tolling only for the time during which "the conditions that served to justify equitably tolling the statute of limitations" existed.). But, as explained above in connection with statutory tolling under § 2244(d)(2), tolling this time does not render petitioner's application timely. Accordingly, the Court should conclude that petitioner's application is untimely.

C.      *Recommendation Regarding Certificate of Appealability*

      1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial

showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id*., advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is

two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable. As noted above, even giving petitioner the benefit of all possible doubt with respect to statutory tolling under § 2244(d)(2), petitioner's application is untimely by five months. Further, petitioner has not argued for equitable tolling, and petitioner's application and reply provide no bases for equitable tolling of sufficient duration to render his application timely. Thus, the resolution of the timeliness issue is not reasonably debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

D.  *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should dismiss the petition. If the Court accepts either of these recommendations, the Court should deny the certificate of appealability..

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED.

R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 6/4/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on June 4, 2010.

s/Eddrey Butts
Case Manager