UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WALTER JAMES KINARD,

                Petitioner,                Case Number: 08-14992

v.                                          HONORABLE AVERN COHN

RAYMOND BOOKER,

                Respondent.
_____/


**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. No. 17)**
**AND**
**DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**
**AND**
**DENYING A CERTIFICATE OF APPEALABILIY**
**AND DISMISSING CASE**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Walter James Kinard (Petitioner) is a state prisoner serving a life sentence following a 1987 conviction for armed robbery and possession of a firearm during the commission of a felony.[1] Petitioner claims he is incarcerated in violation of his constitutional rights. The matter has been referred to a magistrate judge for a report and recommendation (MJRR).

On June 4, 2010, the magistrate judge issued a MJRR recommending that the petition be denied because it is barred by the statute of limitations. Before the Court are

---

[1] Petitioner was sentenced to a parolable term of life in prison to run concurrently with a natural life sentence he received on a conviction of first-degree murder and other offenses in a different case.

Petitioner's objections to the MJRR (Doc. No. 20).[2]  For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and the petition will be denied. A certificate of appealability will also be denied.

## II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III.

Petitioner objects to the magistrate judge's recommendation that the petition be denied as untimely.  He specifically says that the magistrate judge failed to consider whether Petitioner was entitled to equitable tolling.  He also says that the magistrate judge did not consider the fact that he had a matter pending in state court to correct his presentence investigation report, which he says demonstrates he was "in court"

---

[2]Also before the Court is Petitioner's "Motion for Rehearing/Stay of Proceedings," (Doc. No. 19) in which he raises essentially the same arguments presented in his objections.  In light of the Court's decision, this motion is MOOT.

diligently pursuing his rights until he filed the present petition in November of 2008. The Court has carefully reviewed the objections in light of the MJRR. Contrary to Petitioner's argument, the magistrate judge did consider whether Petitioner had shown equitable tolling. See MJRR at p. 6-7. As the magistrate judge explained, even affording Petitioner the maximum benefit of the doubt with respect to tolling, the petition is still untimely. The fact that Petitioner had a matter pending in state court regarding requesting a correction to his presentence report does not show that he is entitled to equitable tolling. Even if Petitioner was diligently pursuing his rights, he had not shown that he was prevented from timely filing a habeas petition. In short, the Court agrees with the magistrate judge that the petition is time barred.

IV.

The magistrate judge also recommends that a certificate of appealability be denied.[3] The Court agrees. Reasonable jurists would not debate whether Petitioner is entitled to relief on his claims or whether the Court is correct in its procedural ruling. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); Slack v. McDaniel, 529 U.S. 473, 485 (2000). As such, Petitioner is not entitled to a certificate of appealability.

V.

---

[3] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

3

Accordingly, for the reasons stated above, Petitioner's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above. Petitioner's application for writ of habeas corpus is DENIED. A certificate of appealability is DENIED.

This case is DISMISSED.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: August 5, 2010

I hereby certify that a copy of the foregoing document was mailed to Walter Kinard 189372, Carson City Correctional Facility, P.O. Box 5000, Carson City, MI 48811and the attorneys of record on this date, August 5, 2010, by electronic and/or ordinary mail.

      S/Julie Owens
      Case Manager, (313) 234-5160