UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WALTER JAMES KINARD,

        Petitioner,        Case Number: 08-14992

v.        HONORABLE AVERN COHN

RAYMOND BOOKER,

        Respondent.
_____/


## ORDER DENYING MOTION FOR REHEARING ON THE DENIAL OF A CERTIFICATE OF APPEALABILIY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Walter James Kinard (Petitioner) is a state prisoner serving a life sentence following a 1987 conviction for armed robbery and possession of a firearm during the commission of a felony.[1] Petitioner claimed he was incarcerated in violation of his constitutional rights. The matter was been referred to a magistrate judge for a report and recommendation (MJRR).

On June 4, 2010, the magistrate judge issued a MJRR recommending that the petition be denied because it is barred by the statute of limitations. Petitioner filed

---

[1] Petitioner was sentenced to a parolable term of life in prison to run concurrently with a natural life sentence he received on a conviction of first-degree murder and other offenses in a different case.

objections. The Court overruled the objections, adopted the MJRR, and denied the petition. The Court also denied a certificate of appealability. See Order filed August 5, 2010.

Before the Court is Petitioner's Motion for Rehearing on the Denial of a Certificate of Appealability. For the reasons that follow, the motion is DENIED

II.

E.D. Mich LR 7.1(h)(3) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997)(citing Webster's New World Dictionary 974 (3rd ed. 1988)).

III.

Petitioner argues reconsideration is warranted because the magistrate judge did not consider his argument with respect to equitable tolling. Petitioner is mistaken. The magistrate judge did consider whether Petitioner had shown equitable tolling. See MJRR at p. 6-7. As the magistrate judge explained, even affording Petitioner the maximum benefit of the doubt with respect to tolling, the petition is still untimely. Moreover, as explained in the August 5, 2010 Order, the fact that Petitioner had a matter pending in state court regarding requesting a correction to his presentence report

does not show that he is entitled to equitable tolling. In short, nothing in Petitioner's motion shows that the Court erred in denying him a certificate of appealability.

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: August 27, 2010

I hereby certify that a copy of the foregoing document was mailed Walter Kinard, 189372, Carson City Correctional Facility, P.O. Box 5000, Carson City, MI 48811 to the attorneys of record on this date, August 27, 2010, by electronic and/or ordinary mail.

    S/Julie Owens
    Case Manager, (313) 234-5160