UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER JAMES KINARD,

        Petitioner,

                              CASE NO. 2:08-CV-14992
v.                               JUDGE AVERN COHN
                              MAGISTRATE JUDGE PAUL KOMIVES

RAYMOND BOOKER

        Respondent.
_____/

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (docket #36)

I.     RECOMMENDATION: The Court should deny petitioner's motion for relief from judgment and should deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

On November 28, 2008, petitioner Walter James Kinard filed an application for the writ of habeas corpus challenging his 1987 state court convictions for armed robbery and a related firearm offense, for which he is serving a sentence of life imprisonment. On June 4, 2010, I filed a Report recommending that the Court dismiss petitioner's application as untimely under the habeas statute of limitations, 28 U.S.C. § 2244(d). I also recommended that the Court deny petitioner a certificate of appealability. The Court entered an Order adopting my Report, dismissing the petition, and denying a certificate of appealability on August 5, 2010. The Sixth Circuit affirmed the Court's judgment, *see Kinard v. Booker*, No. 10-2129 (6th Cir. Sept. 21, 2011), and the Supreme Court

subsequently denied petitioner's petition for a writ of *certiorari*. *See Kinard v. Booker*, 132 S. Ct. 2105 (2012).

On August 22, 2012, petitioner filed a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b). Petitioner argues that the court should consider his sentencing claim on the merits. On September 6, 2012, the Court transferred the motion to the Sixth Circuit as a successive habeas petition under 28 U.S.C. § 2244(b). The Sixth Circuit, concluding that petitioner's motion attacked only this Court's procedural ruling and thus was not a prohibited successive petition, transferred the motion back to this Court. *See Kinard v. Booker*, No. 12-2183 (6th Cir. June 3, 2013). For the reasons that follow, the Court should deny petitioner's motion.

B.   *Analysis*

Ordinarily, a motion for relief from judgment in federal court is brought pursuant to FED. R. CIV. P. 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Here, petitioner seeks relief under paragraphs (4), (5), and (6). The Court should conclude that petitioner is not entitled to relief from judgment.

Paragraph (b)(4) permits a court to grant relief from judgment if "the judgment is void." FED. R. CIV. P. 60(b)(4). Although petitioner cites to this provision of the rule, he does not explain how this Court's judgment dismissing his petition is void. To the extent he is arguing that the state court judgment of sentence was void, this does not provide a basis for relief under Rule 60(b)(4). For petitioner to obtain relief from this Court's judgment dismissing his habeas application, he must show that this Court's own judgment–that is, the one that he seeks relief from under Rule 60(b)(4)–is void. *See Board of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000) (Rule 60(b) motion may only be brought in court rendering judgment subject to attack); *Goodwin v. Home Buying Investment Co., Inc.*, 352 F. Supp. 413, 416 (D.D.C. 1973) (same). Petitioner makes no argument that this Court lacked jurisdiction to rule on his habeas application or that the Court's judgment dismissing the case on timeliness grounds is otherwise void. Thus, petitioner is not entitled to relief from this Court's judgment under Rule 60(b)(4).

Nor is petitioner entitled to relief under Rule 60(b)(5). That provision applies when the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed. Again, however, the relevant judgment is this Court's judgment. And petitioner has not shown that this Court's judgment has been satisfied, released, or discharged. Rather, he appears to argue that the state judgment upon which the enhancement of his current sentence is based has been discharged. Again, however, this does not provide a basis for relief from this Court's judgment dismissing the petition on timeliness grounds. This Court's decision was not based on any judgment that had been reversed, but on petitioner's late filing of his habeas application.

Finally, in support of his claim petitioner also relies on the catch-all provision found in Rule 60(b)(6). Because "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)[,] . . . courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008) (internal quotation omitted). Here, petitioner does not demonstrate any unusual or extreme circumstances justifying relief under Rule 60(b)(6). The entirety of his motion addresses the merit of his underlying sentencing claim. However, the merit of that claim is wholly irrelevant to the limitations issue. The very existence of a statute of limitations presupposes that meritorious claims will not be considered when they are not diligently pursued. *See Steele v. United States*, 599 F.2d 823, 828-29 (7th Cir. 1979). Thus, neither the importance nor the merit of petitioner's constitutional claims provides a basis for ignoring the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (en banc). As to the statute of limitations issue itself–the basis on which the Court entered its Judgment–petitioner presents no new arguments that have not already been considered and rejected by both this Court and the Sixth Circuit, and thus there is no basis for granting him relief from judgment under Rule 60(b). *See Tokh v. Water Tower Court Home Owners' Ass'n*, 327 Fed. Appx. 630, 631 (7th Cir. 2009); *Barrett v. Lombardi*, 239 F.3d 23, 28 (1st Cir. 2001) ("A motion for relief from judgment cannot be used merely to reargue a point already decided."); *All West Pet Supply Co. v. Hill's Pet Products Div., Colgate Palmolive Co.*, 847 F. Supp. 858, 860 (D. Kan .1994) ("A motion to reconsider . . . may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

Finally, petitioner's motion is untimely. A motion for relief from judgment under Rule 60(b)(4)-(6) must be made within a "reasonable time." *See* FED. R. CIV. P. 60(c). Petitioner's

motion was filed over two years after this Court's judgment, and well after the court of appeals had already rejected his arguments on appeal. In these circumstances, petitioner's motion was not filed in a reasonable time. *See Scola v. Boat Frances R., Inc.*, 618 F.2d 147, 155 (1st Cir. 1980) (Rule 60(b) motion filed after judgment was affirmed on appeal was not filed within reasonable time). Accordingly, the Court should deny petitioner's motion. Because this resolution is not, for the reasons explained above, debatable among jurists of reason, the Court should also deny petitioner a certificate of appealability.

C.     *Conclusion*

In view of the foregoing, the Court should conclude that petitioner has presented no grounds for relief from the Court's Judgment dismissing his habeas application as untimely. Accordingly, the Court should deny petitioner's motion for relief from judgment. If the Court accepts this recommendation, the Court should deny the certificate of appealability.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                s/ Paul J. Komives  
                                PAUL J. KOMIVES  
                                UNITED STATES MAGISTRATE JUDGE

Dated: July 12, 2013

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Walter Kinard and Counsel of Record on this date.

Dated: July 13, 2013        s/ Lisa C. Bartlett  
                                Case Manager