UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER JAMES KINARD,

        Petitioner,                        Case Number: 08-14992

v.                                        HONORABLE AVERN COHN

RAYMOND BOOKER,

        Respondent.
_____/

## MEMORANDUM AND ORDER
## OVERRULING PETITIONER'S OBJECTIONS (Doc. 46),
## ADOPTING REPORT AND RECOMMENDATION (Doc. 42),
## DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (Doc. 36),
## DENYING PETITIONER'S MOTION TO AMEND (Doc. 44),
## AND DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Walter James Kinard (Petitioner) is a state prisoner serving a life sentence following a 1987 conviction for armed robbery and possession of a firearm during the commission of a felony. In 2008, Petitioner filed a petition under § 2254 claiming that he is incarcerated in violation of his constitutional rights. As will be explained, the Court denied the petition because it was barred by the statute of limitations. Petitioner later filed a motion for relief from judgment under Rule 60(b)(4), (5) and (6). The matter was referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge recommends that the motion be denied. Before the Court are Petitioner's objection to the MJRR. Also before the Court is Petitioner's motion to amend his motion for relief from

judgement.  For the reasons that follow, Petitioner's objections will be overruled, the MJRR will be adopted, and Petitioner's motion for relief from judgment and motion to amend will be denied.  The Court will also deny a certificate of appealability.

II.

Shortly after the petition was filed, the Court referred the matter to a magistrate judge for a report and recommendation (MJRR).  Although the petition raised several claims, the magistrate judge issued a MJRR recommending that the petition be denied because it was barred by the one-year the statute of limitations.  (Doc. 17).  Petitioner filed objections to the MJRR.  (Doc. 20).  On August 5, 2010, the Court overruled the objections, adopted the MJRR, and denied the petition as untimely.  (Doc. 22).  The Sixth Circuit granted a certificate of appealability on the issue of whether the petition was timely filed.  Kinard v. Booker, No. 10-2129 (Mar. 22, 2011).  The Sixth Circuit later affirmed the dismissal of the petition as untimely.  Kinard v. Booker, No. 10-2129 (Sept. 22, 2011).  The Supreme Court denied certiorari.  Kinard v. Booker, 132 S.Ct. 2105 (Apr. 30, 2012).

Just over two years after the Court dismissed the habeas petition, on August 22, 2012, Petitioner filed the instant motion for relief from judgment.  (Doc. 26).  Petitioner argues that the Court should consider his sentencing claim on the merits.

On September 6, 2012, the Court transferred the motion to the Sixth Circuit as a successive habeas petition under 28 U.S.C. § 2244(b).  The Sixth Circuit, concluding that Petitioner's motion attacked only this Court's procedural ruling and thus was not a prohibited successive petition, transferred the motion back to this Court.  See Kinard v. Booker, No. 12-2183 (6th Cir. June 3, 2013).  The Court referred the motion to the

magistrate judge who recommends it be denied. (Doc. 42). Petitioner has filed objections (Doc. 46)[1] and a motion to amend his motion for relief from judgment. (Doc. 44).

## III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991).

## IV.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake,

---

[1]Petitioner also filed a motion to object to the MJRR (Doc. 45) in which he requested additional time to file objections to the MJRR. Because Petitioner has filed motions, this motion is now MOOT.

and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The magistrate judge carefully considered whether Petitioner has satisfied the requirements of Rule 60(b)(4), (5) and (6) and concluded Petitioner has not. Petitioner's objections fail to convince the Court that the magistrate judge erred. In short, the petition was properly dismissed as barred by the statute of limitations and Petitioner has not shown that the Court's judgment reflecting the same is void, been satisfied or discharged, or any other reason to justify relief from the judgment. While Petitioner continues to assert defects with his state court proceedings and state court judgment, the judgment at issue is the Court's judgment finding the petition was untimely. Petitioner has not put forth a basis for relief from this judgment.

Regarding Petitioner's motion to amend his motion for relief from judgment, it too must be denied. Petitioner seeks to add arguments as to the validity of his state court judgment. Again, those arguments are not relevant to this Court's judgment dismissing the petition on statute of limitations grounds. As such, amendment would be futile. See

Fed. R. Civ. P. 15.

V.

Accordingly, for the reasons state above, Petitioner's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Petitioner's motion for relief from judgment is DENIED. Petitioner's motion to amend is DENIED.

Moreover, as the magistrate judge recommended, Petitioner is not entitled to a certificate of appealability (COA) because jurists of reasons would not debate the Court's conclusion. See 28 U.S.C. § 2253(c)(2); United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)). Accordingly, a COA is DENIED.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 2, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami
Case Manager, (313) 234-5160